Susan CLARK

v.

**K–MART CORPORATION, Appellant.**

No. 91–3723.

United States Court of Appeals,
Third Circuit.

Argued April 6, 1992.
Reargued Sept. 10, 1992.
Decided Nov. 17, 1992.

Leonard Fornella (argued), Anthony J. Polito, Polito & Smock, Pittsburgh, Pa., for appellant.

C. James Zeszutek (argued), David E. White, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellee.

Argued April 6, 1992.

Before: GREENBERG and SCIRICA, Circuit Judges, and DEBEVOISE, District Judge.[*]

* Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

Reargued September 10, 1992

Before: SLOVITER, Chief Judge, and STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, and ROTH, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

In this appeal, K–Mart challenges first, the propriety of a preliminary injunction which enjoined it from denying coverage for plaintiff's high-dose chemotherapy with autologous bone marrow transplant procedure, and second, the amount of the injunction bond. Because both issues are moot, we will dismiss the appeal.

I.

Susan Clark was diagnosed as having metastatic breast cancer. Her oncologist, Dr. Jeffrey E. Shogan, recommended that she receive high dose chemotherapy with autologous bone marrow transplant ("HDCT–ABMT"). Compared to conventional therapies, this procedure offered Mrs. Clark a relatively good probability of remission and even a reasonable possibility of long-term survival. But it had to begin almost immediately and was estimated to cost in the neighborhood of $150,000.

Mrs. Clark is an employee of K–Mart and sought coverage for this procedure under K–Mart's self-insured Comprehensive Health Care Plan.[1] K–Mart has the final authority to determine whether a claim is covered under this ERISA plan, but has contracted with Blue Cross and Blue Shield of Michigan to manage the daily operations of the Plan. Blue Cross concluded that the treatment was experimental and investigational, not covered by the Plan, and K–Mart denied coverage.

Mrs. Clark filed this ERISA action seeking a preliminary injunction to compel K–Mart to fund her HDCT–ABMT treatment. After a hearing, the district court granted her motion and enjoined K–Mart from denying coverage for the procedure, conditioned, however, upon payment of a $1,000 bond. The injunction issued on September 13, 1991. K–Mart did not seek a stay of the preliminary injunction. Rather, it appealed both the propriety of the injunction and the amount of the bond.

II.

At both the panel and in banc arguments, it came to the court's attention that K–Mart had complied with the preliminary injunction. K–Mart never disputed this at either argument. Following argument before the court in banc, we asked the parties to address whether this appeal was moot in light of *University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). We specifically requested the parties to state in writing whether the record disclosed if all the costs of the medical procedures to date had been paid and whether there could be further costs associated with those procedures. We also asked specifically whether there was "any relevant information" with regard to mootness which was not a part of the record and which could be made a part of the record by stipulation or remand. In response, Mrs. Clark asserted both that she received the HDCT–ABMT treatment and that K–Mart paid for it. In K–Mart's response, counsel asserted that the record below did not reveal whether the treatment took place but did not address whether it had information about treatment or payment which could be used to supplement the record on the mootness issue. In fact, counsel's supplemental brief can be read as studiously failing to shed light on Mrs. Clark's post-hearing treatment.

If counsel for K–Mart wished to argue that we should consider only facts in the district court record, he should have forthrightly responded to our request and then argued that, notwithstanding the additional facts, the new facts were not properly before us and should not be considered. Counsel knew or could have found out whether Mrs. Clark received the treatment,

1. The hospital where the procedure was to be given required that Mrs. Clark be determined eligible for coverage before the treatment began.

and whether K–Mart paid for it. Hence, we will deem admitted Mrs. Clark's unrebutted statement that she received the treatment and that K–Mart paid for it.

Finally, there is nothing in the record to indicate that Mrs. Clark could ever receive the HDCT–ABMT treatment again. Indeed, it was unrebutted at oral argument before the panel that once the treatment is administered, it will not be given again.[2]

### A.

We are normally limited in our review to those facts developed in the district court. *See In re Capital Cities/ABC, Inc.'s Application,* 913 F.2d 89, 96–98 (3d Cir.1990); *United States ex rel. Mulvaney v. Rush,* 487 F.2d 684, 686–87 (3d Cir.1973). Nonetheless, because mootness is a jurisdictional issue, we may receive facts relevant to that issue; otherwise there would be no way to find out if an appeal has become moot. For example, in *Johnson v. New York State Educ. Dep't,* 409 U.S. 75, 93 S.Ct. 259, 34 L.Ed.2d 290 (1972) (per curiam), the Supreme Court was informed that the case might be moot by a representation in the respondent's brief and by a statement at oral argument. In light of this, the Court remanded to the district court for a factual determination of whether the case was in fact moot. Moreover, in *Brody v. Spang,* 957 F.2d 1108, 1113–14 & n. 4 (3d Cir.1992), we received facts by stipulation for the purpose of determining whether the case was moot.[3] Because the facts at issue here were unrebutted or deemed admitted, there is no need to remand. We must therefore determine in light of this supplemental record if the issues raised on appeal are moot. We conclude that they are.

### B.

At one time, the possibility of recovering on an injunction bond would save an appeal from mootness. In the context of a preliminary injunction, a panel of this court once held that the issue of recovery on the bond kept the appeal of the injunction from becoming moot. *Washington Steel Corp. v. TW Corp.,* 602 F.2d 594 (3d Cir.1979). In *Washington Steel,* a bank client obtained a preliminary injunction against the bank to prevent it from financing a tender offer. While the bank's appeal of the injunction was pending, the tender offer was withdrawn. Nevertheless, we held that because the bank would otherwise attempt to recover on the bond in a collateral proceeding, the case was not moot. *Id.* at 598–99.

Two years later, however, the Supreme Court rejected the reasoning of *Washington Steel* in *University of Texas v. Camenisch.*[4] Camenisch, who is deaf, sued his university under the Rehabilitation Act of 1973 requesting that it be ordered to pay for a sign-language interpreter. The district court granted a preliminary injunction, conditioned on payment of a $3,000 bond, and the university appealed. While the appeal was pending, however, the university paid for the interpreter and Mr. Camenisch graduated. Nevertheless, the Fifth Circuit Court of Appeals held that the issue of who should ultimately bear the cost of the interpreter, in other words the merits action, saved the appeal from mootness.

The Supreme Court disagreed. Although acknowledging that the *case* was not moot, it held that the *issue* on appeal, whether the *preliminary* injunction was properly entered, was both separate from the bond and moot. 451 U.S. at 393–94, 101 S.Ct. at 1833. The Court then held

---

**2.** We are not persuaded by K–Mart's argument that the record supports the possibility of retreatment. The most the record shows is that other treatment protocols administer two HDCT–ABMT treatments, within a few weeks or months of each other, in an effort to increase the effectiveness of the therapy. Here, Mrs. Clark received the treatment once, over a year ago, and has not received it again. There is no record evidence whatsoever that Mrs. Clark could seek re-treatment.

**3.** In *Brody,* we did remand, but for reasons other than to determine mootness.

**4.** The Supreme Court never cited *Washington Steel* in its opinion. However, to the extent *Washington Steel* is inconsistent with this opinion, we now overrule it.

that the issue of which party was to be ultimately liable for the costs of the interpreter could not be properly resolved on appeal because there, as here, the district court had not yet held a full trial on the merits.

> [W]here a federal district court has granted a preliminary injunction, the parties generally will have had the benefit neither of a full opportunity to present their cases nor of a final judicial decision based on the actual merits of the controversy. Thus when the injunctive aspects of a case become moot on appeal of a preliminary injunction,[5] any issue preserved by an injunction bond can generally not be resolved on appeal, but must be resolved in a trial on the merits.

451 U.S. at 396, 101 S.Ct. at 1834.[6]

■ The two issues—whether the district court erred by entering a preliminary injunction, and which party is ultimately liable for the costs incurred by complying with that injunction—are significantly different. 451 U.S. at 393–94, 101 S.Ct. at 1833. The former focuses primarily on whether Mrs. Clark demonstrated a sufficient *likelihood* of success on the merits, while the latter issue depends on the final decision on the *merits* of Mrs. Clark's case. *See id.* Even though it might be tempting to say that the preliminary injunction against K–Mart gave Mrs. Clark the full relief she sought, thus effectively deciding the case on the merits and negating mootness, the Supreme Court rejected this argument in *Camenisch*

> because it improperly equates "likelihood of success" with "success," and what is more important, because it ignores the significant procedural differences between preliminary and permanent injunc-

tions.... [A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.

451 U.S. at 394–95, 101 S.Ct. at 1833–34.

The rationale of *Camenisch* applies here. The district court, faced with the exigencies of a life-threatening illness and a treatment that had to begin almost immediately, did not have the luxury of conducting anything resembling a trial on the merits. Rather, its hearing was limited to a few hours of testimony from Mrs. Clark's treating physician and Blue Cross' in-house expert to simply decide whether it was likely that Mrs. Clark could succeed in a full merit hearing in showing that the plan administrator acted arbitrarily and capriciously. After hearing this limited testimony, the district court granted the preliminary injunction from the bench.

For this reason especially, it is appropriate that the issue of whether K–Mart acted arbitrarily and capriciously, which in turn will determine who is liable for the costs of Mrs. Clark's treatment, be determined only after a full hearing by the district court. It may well be that the district court will find that K–Mart did not act in an arbitrary and capricious fashion by denying coverage to Mrs. Clark. It is not for us, however, to make that decision on this limited record. There may be many reasons of which we are not now aware to guide the final judgment of the district court. For example, there may be other and overwhelming evidence that Blue Cross capriciously ignored, making its decision on incomplete evidence arbitrary.

---

5. Because an appeals court would have a full trial record following a *permanent* injunction, the Court left undisturbed the rule that an injunction bond preserves such an appeal from mootness. *Id.*

6. To illustrate its point, the Supreme Court used two of our earlier cases. *Klein v. Califano,* 586 F.2d 250 (3d Cir.1978) (in banc); *American Bible Society v. Blount,* 446 F.2d 588 (3d Cir.1971). These cases, then, contrary to the opinion in *Washington Steel,* which relied upon them for its holding, do not support the proposition that

an injunction bond can save an appeal from a preliminary injunction from mootness. To the contrary, *Klein* involved an appeal from a *permanent* injunction, while in *Blount,* the *district court* dismissed the action as moot and discharged the bond. In both cases, had we not reached the merits, no review of the district court's actions would have been possible, except perhaps by a collateral proceeding. That of course is not the case here, since the district court's *final* judgment is appealable.

In addition, there is nothing to be gained by deciding this issue now. It is settled that one can recover on an injunction bond only after a trial and final judgment on the merits. *Blount,* 446 F.2d at 594–95 & n. 12. Moreover, at that trial, because of the limited nature of the proceedings resulting in the preliminary injunction, any findings of fact and conclusions of law made at the preliminary stage are of no binding effect whatsoever. *Camenisch,* 451 U.S. at 395–96, 101 S.Ct. at 1834. Therefore, any holding we might reach would be based on information not entitled to deference at trial and would not finally determine the respective rights and liabilities of the parties.

### C.

We also conclude that this case does not avoid mootness by fitting into that category of cases "capable of repetition, yet evading review." *See, e.g., Brody v. Spang,* 957 F.2d at 1113; *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). For that limited exception to apply, it is uniformly held that the underlying action must be of a duration too short to allow litigation to conclude and there must be a reasonable expectation that the same complaining party would again be subject to the same action. *See Brody,* 957 F.2d at 1113. While it is obvious that the injunction and treatment at issue here are of a short duration, the sole conclusion supported by this record is that Mrs. Clark will receive the HDCT–ABMT treatment only once. Accordingly, because K–Mart will not be subjected to litigation from her over this treatment again, the "repetition" condition is not satisfied.

### III.

Fed.R.Civ.P. 65(c) obligated the district court to require a bond as security for payment of damages and costs by K–Mart in the event the district court decides after trial that the preliminary injunction was wrongfully issued. The district court was aware of the costs of the procedure, but nevertheless fixed the bond at $1,000. K–Mart appeals, contending that the amount of the bond is inadequate. This issue is also moot.

The district court in its oral opinion made the injunction effective only if Mrs. Clark posted the bond. It did not *compel* her to post the bond. If Mrs. Clark was unwilling to take the risk inherent in posting a bond or was unable to obtain a bond, the district court would not have issued an injunction or, if it had already done so, could have vacated it. Whether the bond is adequate or not, if we reverse the district court and increase the amount of the bond, Mrs. Clark will not be compelled to post it since K–Mart has already complied with the preliminary injunction.

We likewise will not hold that a party who accepts the benefit of a preliminary injunction by posting a nominal bond implicitly *agrees* to post a larger bond if unsuccessful on appeal, because that would eliminate the choice the district court gave the party of whether or not to accept the condition and post the bond.

Finally, we conclude that the issue is not saved from mootness on a theory that were we to conclude the $1,000 bond is inadequate, Mrs. Clark may *choose* to post a larger one. The parties cannot now remake their decision, and we cannot place Mrs. Clark back into the legal and factual position she was in when she made the original choice to post the $1,000 bond. Thus, the appeal with respect to the bond is moot. *Cf. Murray v. Silberstein,* 882 F.2d 61, 65–67 (3d Cir.1989).

### IV.

We hold that K–Mart's appeal contesting the propriety of this preliminary injunction and the amount of the injunction bond is moot because K–Mart has complied and Mrs. Clark will not receive the treatment again. Because both issues raised on appeal are moot, we will dismiss this appeal and remand to the district court for a hearing on the merits.