**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2920
_____

FAOUZI AMAOUCHE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
Agency No. A095-479-004
_____

Argued:  September 13, 2011
_____

Before: RENDELL, JORDAN and BARRY, <u>Circuit Judges</u>

(Opinion Filed: October 7, 2011)
_____


Joseph C. Hohenstein, Esq. (Argued)
Orlow, Kaplan & Hohenstein
620 Chestnut Street
Suite 656
Philadelphia, PA 19106-0000

<u>Counsel for Petitioner</u>

Papu Sandhu, Esq. (Argued)
Eric H. Holder, Jr., Esq.
Thomas W. Hussey, Esq.
Paul F. Stone, Esq.
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

_____

OPINION
_____

BARRY, Circuit Judge

Faouzi Amaouche seeks review of a 2005 deportation order of U.S. Immigration and Customs Enforcement ("ICE"), even though he was removed pursuant to a new deportation order issued in 2010, an order he has not appealed. We note that, in this not precedential opinion, we are writing primarily for the parties, who well understand the facts of the case. We, nonetheless, will set forth the facts relevant to the issues we see before us, anticipating that a non-party reader might wonder at what may appear to be our rather summary disposition of the case.

Amaouche, a native and citizen of Algeria, was admitted to the United States on May 1, 2001 under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187, whereby qualifying visitors from specific countries may enter the United States without a visa and legally remain for 90 days. Algeria was not and is not a specified country under the VWP, but Amaouche presented a fraudulently altered French passport upon his entry, and

2

France was a specified country. An integral part of the VWP is the requirement that aliens arriving in the United States sign and submit a waiver forfeiting any right to contest removal, other than on the basis of an application for asylum. *Id.* § 1187(b)(1). Amaouche contends that the government has not produced proof of his signed waiver, and that the waiver form was available only in English, a language that he did not speak, making any signed form invalid as to him. In any event, Amaouche overstayed the VWP's 90-day limit.

In 2002, Amaouche requested asylum based on a fear of returning to Algeria, and was granted an asylum hearing. An immigration judge denied his application for asylum, and the Board of Immigration Appeals ("BIA") affirmed. The denial of asylum is not at issue here.

On August 2, 2005, the same day that the BIA affirmed the denial of asylum, a deportation order issued based on Amaouche's violation of the terms of the VWP and naming Algeria as the country of removal, but Amaouche was not then removed. He subsequently married an American citizen, and on February 24, 2010, filed an application with U.S. Citizenship and Immigration Services ("USCIS") for adjustment of status. When he appeared for his adjustment of status interview, he was taken into custody based on the August 2, 2005 order, and on that same day USCIS denied the adjustment application.

On June 25, 2010, Amaouche filed a petition for review of the 2005 deportation

3

order in this Court, claiming that he had not received notice of the order until May 27, 2010, the date of his arrest. We denied Amaouche's petition for a stay of removal, as well as his motion to reconsider. On October 14, 2010, ICE issued a new deportation order based on the fact that Amaouche stayed beyond the 90-day limit permitted under the VWP, and he was removed on October 25, 2010.

It should be apparent from even this brief recitation that Amaouche fraudulently entered this country and that he has, at every turn, invoked its procedures in his effort to remain here, while complaining of what the government should have done better when it admitted him from a country from which he could not have legally entered in the first place and when it returned him there. His various complaints prompt the three issues we see before us:

First, was the 2005 order, the only order challenged here, a final order of removal? It is, of course, settled law that we have jurisdiction to hear appeals only from final orders of removal, *see* 8 U.S.C. § 1252(a)(1). Second, was Amaouche's appeal from the 2005 order timely? Although the government concedes timeliness, suggesting that the time limitation can be tolled because the record does not establish that Amaouche received notice of the 2005 order until 2010, we have held that jurisdictional time limitations cannot be equitably tolled, *Borges v. Gonzales*, 402 F.3d 398, 405 (3d Cir. 2005), and that the 30-day limitation for filing a petition for review of a final order of removal is a jurisdictional limitation, *Vakker v. Att'y Gen.*, 519 F.3d 143, 146 (3d Cir. 2008). And,

4

third, even if the appeal is from a final order and is timely, is Amaouche's petition moot? In other words, does the new deportation order of October 14, 2010 and Amaouche's subsequent, unchallenged removal under that order render review of the 2005 order moot?

We need not and, thus, will not, discuss the first two jurisdictional issues, but, rather, will assume the finality and timeliness of the order under review. As the Second Circuit put it:

> We need not address the jurisdictional issue. Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.

*Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) (citing *Marquez-Almanzar v. INS*, 418 F.3d 210, 216 n.7 (2d Cir. 2005)).

Because, however, mootness is a jurisdictional constraint imposed by the Constitution, we cannot dispose of it so easily. *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). Rather, we must address mootness, and do so, albeit briefly. The case is moot for a very simple reason: Amaouche was removed pursuant to the order of deportation filed on October 14, 2010 and not pursuant to the August 2, 2005 order that is the subject of this appeal. Accordingly, even if Amaouche's challenge to the 2005 order was meritorious, it could not affect the 2010 order, which he has not appealed and, because

5

more than thirty days have elapsed since the order issued, he is too late to do so now.[1]

Stated somewhat differently, the 2010 order necessarily vacated the 2005 order and no ruling we make on the 2005 order will affect the 2010 order.[2] *See Thomas v. Attorney General*, 625 F.3d 134, 140-41 (3d Cir. 2010).

Amaouche, we note, will not be prejudiced by our dismissal of this appeal as moot for the reasons we have discussed and because the arguments he has made as to the waiver form are foreclosed by *Bradley v. Attorney General*, 603 F.3d 235 (3d Cir. 2010). In *Bradley*, virtually identical arguments were raised and we found no prejudice because "the consequence he now faces – summary removal – is the same consequence he would have faced had he known of the waiver and refused to sign." *Id.* at 240.[3]

The petition for review will be dismissed for lack of jurisdiction.

---

[1] Amaouche urges that the government should not be permitted to cure a previously deficient attempt at a removal order by filing and serving a later order. That argument could have been made by appealing the later issue, but Amaouche did not do so.

[2] By separate order we will grant the government's motion, opposed by Amaouche, to supplement the record with six documents relevant to Amaouche's removal but post-dating his petition for review. *See Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (en banc) ("[B]ecause mootness is a jurisdictional issue, we may receive facts relevant to that issue; otherwise there would be no way to find out if an appeal has become moot.").

[3] Given the foregoing, it should go without saying that even were this appeal not moot, Amaouche would lose, and resoundingly lose, on the merits.