**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

Nos. 10-2813, 10-2992, and 11-1142
_____

*JOC INC., t/a SUMMIT EXXON;
SUNG EEL CHANG AUTO, INC., t/a ASHWOOD EXXON

v.

EXXONMOBIL OIL CORP.;
EXXON MOBIL CORP.

ExxonMobil Oil Corp. Appellant in Nos. 10-2813 and 11-1142
Sung Eel Chang Auto, Inc., t/a Ashwood Exxon Appellant in No. 10-2992

* Dismissed pursuant to Court Order entered January 17, 2012
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cv-05344)
District Judge: Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
December 18, 2012

Before: MCKEE, Chief Judge, SLOVITER, and VANASKIE  Circuit Judges

(Filed: December 19, 2012)
_____

OPINION
_____

1

SLOVITER, Circuit Judge.

The ExxonMobil Oil Corporation ("Exxon") and Sung Eel Chang Auto, Inc., t/a Ashwood Exxon ("Ashwood"),[1] cross-appeal from a District Court preliminary injunction that barred Exxon from terminating the Ashwood franchise for certain reasons. Because the franchise no longer exists, there is no live controversy before us and we will dismiss the appeals as moot.

## I. Background

We write primarily for the parties and recount only the essential facts. The three consolidated appeals in this case concern the former Ashwood Exxon gas station, which led a troubled existence as an Exxon franchise from 1996 until 2011. As a franchisee, Ashwood leased its property from Exxon and was obligated to purchase its gasoline from Exxon. In 2008 Ashwood filed suit against Exxon in New Jersey state court, alleging that Exxon charged it higher wholesale rates for gasoline than it charged competing stations, and that the divergent pricing violated New Jersey law. Exxon argued that its pricing was lawful and that Ashwood's own business practices were the cause of its financial distress. The suit was removed to federal court on the grounds of diversity of citizenship.

---

[1] Ashwood is the sole remaining plaintiff in the underlying action. The second original plaintiff, JOC, Inc. t/a Summit Exxon, settled with Exxon and withdrew while these appeals were pending.

In 2009, Ashwood stopped paying rent. Exxon commenced proceedings to terminate the franchise, and Ashwood moved for a preliminary injunction to bar termination while the lawsuit was ongoing.[2] Between May and December of 2010 the District Court issued three orders that, in combination, partially granted and partially denied the injunction. Their final effect was to bar Exxon from terminating the franchise on the basis of Ashwood's contractual violations prior to December 2010. The District Court declined, however, to prohibit Exxon from terminating the franchise on any new ground that might arise. Exxon appealed the partial bar, and Ashwood cross-appealed the denial of a broader injunction.[3]

After the appeals were filed, Exxon terminated the Ashwood franchise, effective May 2011, on the basis of Ashwood's new violations of its contractual obligations. Ashwood was evicted from the station premises in January 2012.[4]

---

[2] Prior to the preliminary injunction, the parties conducted settlement negotiations and litigated a motion to dismiss. *See JOC, Inc. v. ExxonMobil Oil Corp.*, 2010 WL 1380750 (D.N.J. April 1, 2010) (partially granting and partially denying Exxon's motion). Ashwood filed an Amended Complaint after the District Court issued its opinion.

[3] As docketed, No. 10-2813 is Exxon's appeal of the May 18 and June 4 injunction orders, No. 10-2992 is Ashwood's cross-appeal from the June 4 order, and No. 11-1142 is Exxon's appeal of the December 13 order.

[4] Exxon provided these facts in response to an inquiry from this court directing the parties to address whether the Ashwood franchise continued to exist and, if not, whether the appeals of the District Court's interlocutory orders were moot. *See In re Cantwell*, 639 F.2d 1050, 1054 n.4 (3d Cir. 1981) ("[F]acts bearing on the issue of mootness can be raised at any time during the judicial proceedings."). Ashwood did not respond to the court's inquiry. We therefore take the facts to be uncontested.

## II. Analysis

We have jurisdiction to review orders of the District Court granting or denying a preliminary injunction under 28 U.S.C. § 1292(a)(1) (2006), but "[w]e do not have jurisdiction to hear a case that cannot affect the rights the appellant wishes to assert." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 296 (3d Cir. 2001) (per curiam). "The mootness doctrine is centrally concerned with the court's ability to grant effective relief." *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed [as moot]." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted).

In appealing the partial preliminary injunction, Exxon sought the right to terminate the Ashwood franchise, and Ashwood sought to prevent termination. The franchise no longer exists. Even if Exxon had not terminated it, Ashwood's franchise contract would have expired in February 2012. Because there is no longer any franchise to terminate or to save, we cannot grant either party effective relief.

The appeals are accordingly dismissed as moot.[5]

---

[5] There is no need to vacate the underlying orders, as *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950), requires of final judgments when appeals become moot. "[I]t is sufficient to dismiss the appeal without directing that the injunction order be vacated." 13C Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3533.10.3 (3d ed. 2012). *Accord Nelson v. Quick Bear Quiver*, 546 U.S. 1085, 1085 (2006); *Clark v. K-Mart Corp.*, 979 F.2d 965, 969 (3d Cir. 1992) (en banc). Although the injunction is moot, the dispute between the parties remains unresolved. We express no opinion as to

whether Ashwood has a viable claim for damages from Exxon, an issue not raised in the appeal before us.