# United States Court of Appeals
## For the First Circuit

No. 14-1279

JOEL NJOROGE MANGURIU,

Petitioner,

v.

LORETTA E. LYNCH,* ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Jaime Jasso and Law Offices of Jaime Jasso on brief for
petitioner.
Stuart F. Delery, Assistant Attorney General, Shelley R.
Goad, Assistant Director, and Tim Ramnitz, Attorney, Office of
Immigration Litigation, U.S. Department of Justice, on brief for
respondent.

---

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Loretta E. Lynch has been substituted for former Attorney General
Eric H. Holder, Jr. as the respondent.

July 14, 2015

**SELYA**, **Circuit Judge**.  As a general matter, judicial review of a final order of an administrative agency is confined to the four corners of the administrative record.  See, e.g., Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam).  That rule applies with full force to judicial review of removal orders in the immigration context.  See 8 U.S.C. § 1252(b)(4)(A).  But this general rule admits of an exception when the reviewing court's jurisdiction is called into question.  As we explain below, this is such a case.

The relevant facts are easily assembled.  The petitioner, Joel Njoroge Manguriu, a Kenyan national, entered the United States on a student visa in 1999 and overstayed.  He married a U.S. citizen while here and his wife, Manuelita Lopez, filed an I-130 visa petition in July of 2006, seeking to classify the petitioner as an immediate relative (spouse) of a U.S. citizen.  Shortly thereafter, the petitioner applied for adjustment of his immigration status based on Lopez's petition.

After due inquiry, the U.S. Citizenship and Immigration Services (USCIS) denied Lopez's I-130 petition on the ground of marriage fraud.  That denial temporarily stymied the petitioner's quest for adjustment of status.

On August 19, 2009, the Department of Homeland Security (DHS) initiated removal proceedings.  The petitioner conceded

- 3 -

removability, but sought relief from removal under the Violence Against Women Act (VAWA). See 8 U.S.C. § 1154(a)(1)(A)(iii). He predicated his VAWA petition on a claim that he was the spouse of an abusive U.S. citizen. At his request, the immigration judge (IJ) held the removal proceeding in abeyance and, in December of 2010, the USCIS approved his VAWA petition. Based on this approval, the petitioner asked the IJ to adjust his immigration status to that of a lawful permanent resident.

After a hearing, the IJ denied the petitioner's application for adjustment of status and, in March of 2012, ordered him removed. Although the IJ found that the petitioner was statutorily eligible for adjustment of status based on his approved VAWA petition, she denied the requested relief as a matter of discretion, finding that the petitioner had engaged in marriage fraud, had misrepresented material facts to the USCIS, had given false testimony in the removal proceeding, and had not consistently paid income taxes owed.

On February 26, 2014, the Board of Immigration Appeals (BIA) affirmed the IJ's decision. This timely petition for judicial review followed.

While the petition for judicial review was pending, a parallel proceeding developed: the USCIS sent notice that it intended to revoke its approval of the petitioner's VAWA petition.

The petitioner did not respond and, on June 20, 2014, the USCIS revoked the petition.

Before us, the petitioner argues that the IJ committed legal error by inquiring into the legitimacy of his marriage. In mounting this argument, however, his brief, filed on June 2, 2014, does not mention the revocation of his VAWA petition. The government does not accept this narrow view of the case: its brief asserts in part that the revocation renders the petition for judicial review moot. Its thesis is that even if the IJ erred, the petitioner can no longer obtain meaningful relief because his lack of an approved visa petition precludes adjustment of status. The petitioner's reply brief takes issue with this assertion, questioning the effectiveness of the purported revocation. In this regard, the petitioner claims that the USCIS sent the notice of intent to revoke only to the address of his previous attorney even though it had on file both his home address and the address of his current attorney.

The threshold question in this case is whether we can consider the USCIS's revocation of the VAWA petition — an action that took place <u>outside</u> the confines of the administrative record. We conclude that we can.

The Supreme Court has held that federal courts ordinarily must answer jurisdictional questions before tackling the merits of a case. See <u>Steel Co.</u> v. <u>Citizens for a Better</u>

- 5 -

Env't, 523 U.S. 83, 93-95 (1998). Events that occur while an appeal is pending can disable a federal court from granting effective relief and, thus, render a case moot. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992). Because mootness implicates a court's jurisdiction, the court can properly look to facts outside the record so long as those facts are relevant to a colorable claim of mootness. See, e.g., Haley v. Pataki, 60 F.3d 137, 140 n.1 (2d Cir. 1995); Clark v. K-Mart Corp., 979 F.2d 965, 967 (3d Cir. 1992); Cedar Coal Co. v. United Mine Workers of Am., 560 F.2d 1153, 1166 (4th Cir. 1977). This principle holds true where, as here, a court is tasked with conducting judicial review of agency action. See, e.g., Maldonado v. Lynch, 786 F.3d 1155, 1160-61 (9th Cir. 2015) (considering events postdating BIA decision in evaluating claim of mootness); Qureshi v. Gonzales, 442 F.3d 985, 988-90 (7th Cir. 2006)(similar).

We note, moreover, that courts normally can take judicial notice of agency determinations. See, e.g., Aguilar v. U.S. ICE, 510 F.3d 1, 8 n.1 (1st Cir. 2007); Fornalik v. Perryman, 223 F.3d 523, 529 (7th Cir. 2000); Furnari v. Warden, 218 F.3d 250, 255-56 (3d Cir. 2000). Along this line, courts of appeals have routinely taken judicial notice of agency actions in immigration proceedings even though those actions are outside the boundaries of the administrative record. See, e.g., Dent v.

- 6 -

Holder, 627 F.3d 365, 371-72 (9th Cir. 2010); Opoka v. INS, 94 F.3d 392, 394-95 (7th Cir. 1996).

These authorities illuminate our path. We hold that for the purpose of resolving a colorable claim that a petition for judicial review of agency action has become moot, a court may consider administrative actions in other proceedings. It follows that we may consider the USCIS's revocation of the petitioner's VAWA petition in determining whether the instant petition for judicial review has become moot.

This determination does not end our inquiry: the question remains whether the instant petition for judicial review has become moot. The fact that we can take note of the USCIS's revocation of the petitioner's VAWA petition does not, without more, validate the government's claim of mootness. Only when the pertinent facts are undisputed and the supplemented record allows for a conclusive determination of mootness can a reviewing court dispose of the matter without further ado. See Clark, 979 F.2d at 967. Where pertinent facts are in dispute or additional factfinding is needed to determine whether the case has actually become moot, remand is required. See Johnson v. N.Y. State Educ. Dep't., 409 U.S. 75, 75-76 (1972) (per curiam) (remanding for further factfinding in order to resolve claim of mootness); City of Waco v. EPA, 620 F.2d 84, 87 (5th Cir. 1980) ("This case may well be moot . . . , but the present record is inadequate to enable

us to make such a determination. . . . [T]he agency should consider the question of mootness on remand."). So, too, changed circumstances that are either disputed or unclear may require remand. See Bryson v. Shumway, 308 F.3d 79, 90-91 (1st Cir. 2002).

In the case at hand, it is undisputed that the USCIS revoked the petitioner's VAWA petition on the basis of marriage fraud. The rub, however, is that the petitioner claims that the USCIS did not properly notify him of the revocation proceeding: it allegedly notified his former attorney even though it had his current attorney's address on file. Moreover, the USCIS purportedly knew the petitioner's then-current home address, yet never sent notice to that address. The petitioner's claim that the revocation is ineffective for want of proper notice is sufficient (though barely) to raise a factual question requiring remand.[1]

DHS regulations require the agency to give an alien notice of proceedings to revoke a visa petition. See 8 C.F.R. § 205.2(b) (providing that "[r]evocation . . . will be made only on notice" and that the alien "must be given the opportunity to offer evidence . . . in opposition to the grounds alleged for

---

[1] We say "barely" because the petitioner has not alleged in any of his filings that he was unaware of the revocation notice. Nor has the petitioner, despite receiving the government's brief in this matter over one year ago, given any indication of initiating a challenge to the revocation.

revocation"). It is an abecedarian principle of administrative law that agencies must comply with their own regulations. See Fort Stewart Sch. v. Fed. Labor Relations Auth., 495 U.S. 641, 654 (1990). This principle is applicable in the context of proceedings to revoke a visa petition. See Kurapati v. U.S. BCIS, 775 F.3d 1255, 1262 (11th Cir. 2014).

Here, the record is tenebrous as to potentially material facts. We do not know, for example, exactly what steps the USCIS took to notify the petitioner of the institution of the revocation proceeding; what the agency's records showed at the time about the petitioner's legal representation; or whether this petitioner had actual notice of the proceeding. This lack of clarity dictates our course of action. Although we take no view as to the merit (or lack of merit) of the petitioner's allegations, the validity of the petition revocation is sufficiently unclear that we deem it prudent to remand to the BIA for further proceedings. The BIA, either itself or through a further remand, shall make due inquiry and determine, among other things, whether the revocation of the VAWA petition was lawfully accomplished and, if so, whether the BIA decision that is the subject of this petition for judicial review is now moot.

We retain appellate jurisdiction pending receipt of the BIA's report of its supplemental finding. The BIA is directed to

furnish this court with written status reports at intervals of 90 days, commencing 90 days from the date of this opinion.

**<u>So Ordered</u>**.