NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2808
_____

CHRISTOPHER QUICK;
LORETTA QUICK,
                    Appellant

v.

TOWNSHIP OF BERNARDS;
BERNARDS TOWNSHIP COMMITTEE;
BERNARDS TOWNSHIP PLANNING BOARD
_____

On Appeal from the United States District Court for the
District of New Jersey
(Civ. Action No. 3-17-cv-05595)
District Judge: Honorable Michael A. Shipp
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 19, 2018

Before:  GREENAWAY, JR., RENDELL, and FUENTES, *Circuit Judges*

(Opinion filed: May 30, 2018)
_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

FUENTES, *Circuit Judge.*

Christopher and Loretta Quick appeal the denial of their motion to preliminarily enjoin a public hearing of the Bernards Township Planning Board (the "Board") that occurred on August 8, 2017. We will dismiss the appeal as moot.

**I.**

Because we write for the parties, we recount only the essential facts. The Quicks live in Bernards Township, New Jersey. At the August 8 hearing, the Board weighed a proposal to build a mosque near the Quicks' home. The rules governing the August 8 hearing, which were outlined in a settlement agreement reached in a related lawsuit, directed that "[n]o commentary regarding Islam or Muslims [would] be permitted" at the hearing.[1] The settlement agreement further provided that "[i]n no event shall the proceedings extend beyond one (1) single . . . hearing."[2]

The Quicks wanted to address the Board at the August 8 hearing. However, the Quicks feared "adverse legal consequences" if they violated the above commentary prohibition.[3] Based on these concerns, the Quicks moved to preliminarily enjoin the hearing on First and Fourteenth Amendment grounds.

On August 8, 2017, the District Court held a hearing on the Quicks' preliminary injunction motion. At the end of the hearing, the District Court denied preliminary injunctive relief, reasoning that the Quicks failed to show a likelihood of success on the

---

[1] JA 57.

[2] JA 55.

[3] JA 31.

merits.  Later that day, the August 8 hearing went forward and the Board approved construction of a mosque near the Quicks' home.  This appeal followed.

**II.**

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.  While the denial of a preliminary injunction is normally appealable under 28 U.S.C. § 1292(a)(1), "[i]f developments occur" that "prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[4]  In this regard, it is settled that "when the event sought to be enjoined in a preliminary injunction has occurred, an appeal from the order denying the preliminary injunction is moot."[5]  It is undisputed that the August 8 hearing that the Quicks sought to enjoin has already occurred.  As such, their appeal is moot and we lack jurisdiction to consider it.[6]

In response, the Quicks contend that this case satisfies the "capable of repetition, yet evading review" exception to mootness.  This argument fails.  That exception applies only where "there is a reasonable expectation that the same complaining party will be subject to the same action again."[7]  Here, the Quicks have no expectation—let alone a reasonable one—that the Board will hold another public hearing because the settlement agreement expressly provided that there would be only one hearing on the proposed site

---

[4] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

[5] *Scattergood v. Perelman*, 945 F.2d 618, 621 (3d Cir. 1991).

[6] *See Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (noting that "mootness is a jurisdictional issue").

[7] *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (brackets omitted)).

plan. Further, even if there is another hearing, it is not clear that the commentary prohibition in question would apply.[8]

## III.

For the foregoing reasons, we dismiss the appeal as moot.

---

[8] On appeal, the Quicks also ask that the Board's decision at the August 8 hearing be vacated. However, because they did not seek such relief from the District Court, that request is waived. *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 261 (3d Cir. 2009) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal." (citation and quotation marks omitted)).