# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 20-60281

SHRIMPERS AND FISHERMEN OF THE RGV; SIERRA CLUB; SAVE RGV FROM LNG,

*Petitioners*,

*versus*

UNITED STATES ARMY CORPS OF ENGINEERS,

*Respondent*.

Petition for Review of an Order of
the United States Army Corps of Engineers
Agency No. SWG-2015-00114

Before KING, ELROD, and WILLETT, *Circuit Judges*.

PER CURIAM:*

The U.S. Army Corps of Engineers issued a permit for a natural gas pipeline authorizing the discharge of fill material into waters of the United States. Petitioners now petition for review of that permit, alleging that the permit violates the Clean Water Act. But in the time since the permit was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60281

issued, the project design for the pipeline has changed, and, shortly after this action was filed, the U.S. Army Corps of Engineers suspended the permit while it reconsiders it. For the reasons that follow, we find the petition not ripe for review and so this petition is HELD IN ABEYANCE.

## I.

Petitioners Shrimpers and Fisherman of the RGV, Sierra Club, and Save RGV from LNG (collectively, "Petitioners") challenge whether Respondent, the United States Army Corps of Engineers (the "Corps"), violated the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, (the "CWA") in issuing a permit for a natural gas pipeline.

The Federal Energy Regulatory Commission ("FERC") authorized Intervenors Rio Grande LNG, LLC and Rio Bravo Pipeline Company, LLC (collectively, "Intervenors") to construct, operate, and maintain a liquefied natural gas terminal and pipeline in Texas. In 2016, when Intervenors first sought FERC authorization, the terminal would have included six liquefaction trains—that is, equipment systems that remove impurities from natural gas and cool it to liquid form—and, *inter alia*, a compressor station known as Compressor Station 3.

After FERC authorized the project, the Corps issued the CWA permit. But in the time since FERC's approval and the issuance of the permit the Intervenors have modified their project plan to eliminate two compressor stations, including Compressor Station 3, increase the pipeline's size, and use five liquefaction trains instead of six. Accordingly and as requested by Intervenors, the permit is currently suspended while the Corps reconsiders it.

Before the Corps suspended the permit, however, Petitioners filed this action, challenging the issuance of the permit based on the original

design. For the reasons that follow, we find the petition is not ripe for review and therefore hold this appeal in abeyance.

## II.

To determine whether claims are ripe for our review, we evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). As part of this inquiry, in the administrative context, we look to four factors: (1) "whether the challenged agency action constitutes 'final agency action,' within the meaning of Section 10 of the Administrative Procedure Act, 5 U.S.C. § 704"; (2) "whether the challenged agency action has or will have a direct and immediate impact upon the petitioners"; (3) "whether the issues presented are purely legal"; "and (4) whether resolution of the issues will foster, rather than impede, effective enforcement and administration by the agency." *Pennzoil Co. v. Fed. Energy Regul. Comm'n*, 645 F.2d 394, 398 (5th Cir. 1981) (citing *Abbott Labs.*, 387 U.S. at 149–54).

## III.

Although the permit was seemingly final when the petition was filed, that is no longer the case. To be sure, the permit has been suspended, and a suspended permit is not "in effect." *See* 33 C.F.R. § 325.6(a). Further, the Corps is reconsidering the permit, and after doing so, it may "reinstate, modify, or revoke" it. *Id.* § 325.7(c). Against the backdrop of the four factors outlined in *Pennzoil Co. v. Federal Energy Regulatory Commission*, 645 F.2d at 398, for assessing ripeness of an agency action, this petition is not yet ripe for review.

First, this permit is no longer final as it does not currently "mark the consummation of the agency's decisionmaking process" and similarly does not currently determine "rights or obligations [from which] legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)

(cleaned up). This is so due to the suspension and reconsideration proceedings. Instead, the permit is now an interim step in the agency's decision-making process. Indeed, this court has previously held that matters "still pending before [an agency] . . . [are] not yet ripe for judicial review." *La. Power & Light Co. v. Federal Power Comm'n*, 526 F.2d 898, 910 (5th Cir. 1976).

This point is underscored by the design changes proposed by Intervenors, which may moot some or all of the alleged problems with the original design. *See Devia v. U.S. Nuclear Regul. Comm'n,* 492 F.3d 421, 426 (D.C. Cir. 2007) (Garland, J.). Specifically, Petitioners have taken issue with the use of six liquefaction trains and Compressor Station 3, but in the new plan, the project would only have five liquefaction trains and would eliminate Compressor Station 3. To that end, as the Corps considers these design changes, they may squarely resolve Petitioners' concerns and moot these arguments. Although Petitioners also challenge whether the Corps adequately considered and mitigated temporary impacts, any such modification of the permit might likewise address these issues. Plainly, at this juncture, it is simply "'too speculative whether' the validity of the [permit for the original design] is a problem that 'will ever need solving.'" *Devia*, 492 F.3d at 426 (quoting *Texas v. United States*, 523 U.S. 296, 302 (1998)).

Second, because no construction has occurred or will occur while the permit is suspended, Petitioners have not experienced the necessary hardship, that is, a "direct or immediate impact." *Pennzoil Co.*, 645 F.2d at 398. To the extent that they might experience hardship in the future, such hardship is, at this point, speculative depending on the Corps' reconsideration and the potential design changes.

Third, these concerns are subject to ongoing factual development as the Corps reconsiders the permit and are thus not purely legal issues.

No. 20-60281

Specifically, as part of its reconsideration proceedings, the Corps must evaluate the proposed changes, which includes a fact-intensive inquiry regarding impacts to the waters of the United States.[1]

Finally, as this court has previously recognized, deciding issues that will be decided again by the agency may ultimately impede the agency's ability to administer and enforce the relevant statute. *See Miss. Valley Gas Co. v. Fed. Energy Regul. Comm'n*, 659 F.2d 488, 499 (5th Cir. 1981); *see also Pennzoil Co.*, 645 F.2d at 400 (noting that courts should not rule on an agency decision that the agency "may wish to amend upon reconsideration"). In this case, the Corps should first complete its reconsideration of the permit in light of the CWA before the court considers the merits, as it is first the responsibility of the Corps to enforce the CWA. *See Devia*, 492 F.3d at 426, 428 (holding a similar petition for review in abeyance where an administrative approval was pending). For these reasons, the petition is not yet ripe for review.

## IV.

For the foregoing reasons, we will HOLD THIS PETITION IN ABEYANCE until the Corps completes its reconsideration proceedings of the currently suspended permit such that there is a live permit for us to consider. At such time, the parties are further directed to file supplemental briefing regarding their arguments. Finally, at argument, the government indicated that the reconsideration proceedings should be concluded by the end of March. Accordingly, at the end of March, the government should file a letter updating the court as to the status of those proceedings.

---

[1] We note that although the suspension letter is not part of the administrative record, the court may consider materials outside of the administrative record when ripeness is at issue. *See Manguriu v. Lynch*, 794 F.3d 119, 120, 121 (1st Cir. 2015).