BLD-133                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2599
_____

UNITED STATES OF AMERICA

v.

MAHN HUU DOAN, a/k/a BRUCE DOAN,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00361-001)
District Judge:  Honorable Timothy J. Savage

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 17, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mahn Huu Doan, a federal prisoner at FCI-Fairton, appeals an order of the District Court denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Doan filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] He argued that he suffers from various conditions, including hypotension, high blood pressure, a blood clot, "chronic allergic rhinitis" and "moderately severe bronchial asthma," which, along with prison conditions wrought by the pandemic, put him at an increased risk of illness or death due to COVID-19. ECF Nos. 172 at 7, 180 at 27, 28. He also maintained that consideration of the sentencing factors outlined in 18 U.S.C. § 3553(a) weighed in favor of release, particularly in light of his rehabilitation while in prison.

The District Court conceded that Doan's medical conditions are associated with increased risk of serious illness or death from COVID-19. It nevertheless concluded that the risk posed to Doan's health was "minimal" because he had previously contracted the virus and "fully recovered," and because he and all of the inmates housed in FCI-

---

[1] The parties do not dispute that Doan exhausted his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A).

Fairton's minimal security camp are fully vaccinated. ECF No. 206 at 6. The District Court cited data from the National Institutes of Health supporting the efficacy of the vaccines. See id. It also noted that 75% of the total population of inmates at FCI-Fairton are vaccinated and that there was only one case of COVID-19 reported among inmates and staff. See id. Because it concluded that the risk of contracting COVID-19 was low, the District Court found no extraordinary and compelling reason warranting compassionate release. Doan appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The District Court did not clearly err in its determination that compassionate release was not warranted. The District Court properly noted that, at the time of its decision, infection rates were near zero at FCI-Fairton, and that Doan is at a lower risk of reinfection now that he and the majority of the inmate population at FCI-Fairton are vaccinated. See United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021) (noting that "[v]accinated prisoners are not at greater risk of COVID-

3

19 than other vaccinated persons"). Given those facts, Doan did not make the threshold showing that "extraordinary and compelling reasons" supported his release.[2]

Based on the foregoing, we grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's judgment.[3]

---

[2] In a filing with this Court, Doan asserts that infection rates have risen dramatically among inmates and prison staff since the District Court's decision. But those facts do not affect our consideration of whether the District Court abused its discretion, given the record before it. See Clark v. K-Mart Corp., 979 F.2d 965, 967 (3d Cir. 1992) (recognizing that this Court is generally limited in its review to the facts in the district court record). For the same reason, we deny Doan's "Motion to Add an Additional Medical Health Issue to the Motion for Compassionate Release" and his request to add a letter from the Federal Bureau of Prisons to the record on appeal. If Doan's health or the conditions at FCI-Fairton have worsened such that he believes he can show "extraordinary and compelling reasons" for his release, his remedy would be to file a new motion for compassionate release in the District Court.

[3] The Government's motion to be relieved of filing a brief is granted.