**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1143
_____

RONALD C. WILLIAMS,

Appellant

v.

JOSEPH P. NISH, Former Superintendent;
KAREN ROGERS-SWEENEY, Program Coordinator;
WAYNE GAVIN, Superintendent;
ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-00396)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2015

Before: CHAGARES, JORDAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Williams, a prisoner, filed suit against prison officials alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act. In an order not challenged on appeal, the District Court granted summary judgment as to all but two claims: the defendants violated Williams' rights by (1) requiring prayer and smudging ceremonies to be conducted outdoors in inclement weather, and (2) destroying and failing to replace the Three Sisters seeds, ceremonial relics used in religious ceremonies. The defendants moved for summary judgment on these claims, which the District Court granted. [1]

Williams presents only two issues on appeal. First, he claims that the Magistrate Judge erroneously denied his requests for counsel during the pendency of the litigation. Second, he claims that the District Court erred in dismissing his claim regarding the prayer and smudging ceremonies for failing to exhaust his administrative remedies before filing suit. We will affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment, and we will affirm summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Williams contends that the Magistrate Judge erred in denying his requests for appointment of counsel. Because Williams did not appeal the Magistrate Judge's

---

[1] This case has a long factual and procedural history. Because we write only for the parties who are familiar with this case, we include only the limited background necessary

decisions to the District Court, he has waived this issue on appeal. "[A] party who fails to object before the district court to a magistrate judge's ruling on a non-dispositive pretrial matter waives that objection on appeal." Tabron v. Grace, 6 F3d 147, 153 n.2 (3d Cir. 1993); see also United States v. Polishan, 336 F.3d 234, 240 (3d Cir. 2003) ("It is undisputed that, in civil cases, the right to appeal the ruling of a magistrate judge is waived if reconsideration before the district court is not sought in a timely fashion.").

Williams contends the District Court erred in dismissing as unexhausted his claim that the prison unlawfully required religious smudging ceremonies to be held outdoors. Upon review, we conclude that there is no arguable basis in law or fact to overturn the District Court's determination that Williams did not exhaust his administrative remedies before filing suit. The Prison Reform Litigation Act (PLRA) requires that a prisoner exhaust administrative remedies under 42 U.S.C. § 1997e(a) before bringing suit in federal court. See also Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

As the District Court concluded, there is no record evidence that Williams filed a request for administrative remedies on his claims regarding the smudging ceremonies before he filed that claim in federal court and, thus, he failed to comply with the PLRA's mandatory exhaustion requirement. The record contains no grievance claiming that the prayer or smudging ceremonies were held outdoors in inclement weather or were

to decide the issues before us.

cancelled. We further note that Williams did not assert in the District Court that he exhausted this claim. Rather, Williams argued that the defendants waived exhaustion as an affirmative defense and that, in any event, his failure to exhaust should be excused as futile. We agree with the District Court that the defendants did not waive their right to assert their affirmative defense. Moreover, there is no merit to Williams' contention that he need not file a grievance because doing so would be futile. See Nyhuis, 204 F.3d at 71 (holding that exhaustion under the PLRA is not subject to a "futility exception."). Because the record contains no evidence that Williams exhausted this claim, we will affirm the District Court's grant of summary judgment.

On appeal, Williams claims that he did in fact attempt to exhaust this claim by filing two grievances, but that prison officials confiscated his copies thereof during a retaliatory search of his prison cell. However, Williams did not present this argument in the District Court; although Williams did allege that prison officials confiscated other documents relating to this case, he did not claim that they took his copies of these grievances. Because Williams did not present this argument to the District Court, we will not consider it for the first time on appeal. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 2010) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] We deny as moot the appellee's motion to strike the supplemental appendix Williams attached to his reply brief.