**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1144
_____

RONALD C. WILLIAMS,
                              Appellant

v.

WAYNE J. GAVIN, Superintendent; LT. HORVATH, Zone Lieut.; C.O. DANIEL
DREVENEK; CO T. O'BRIEN, Search Team; CO HUGHES, Search Team
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-00387)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2015
Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Ronald Williams, a Pennsylvania state prisoner at SCI Waymart,

appeals from the District Court's order granting defendants' motion for summary

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment and dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. For the following reasons, we will affirm the judgment.

In 2011, Williams filed a civil rights action alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq*. In the instant complaint, Williams alleged that, in response to the filing of his suit under RLUIPA, the defendants retaliated against him by conducting cell searches and tampering with his legal documents, thereby hindering his ability to prepare his RLUIPA claims for trial. He also alleged that legal property was confiscated, resulting in a denial of his due process rights and infringing on his right to access the courts. Williams sought declaratory relief and damages for violations of his First, Fourth, and Fifth Amendment rights. The District Court, adopting the Magistrate Judge's Report and Recommendation (R&R), granted summary judgment for the defendants after determining that Williams had failed to exhaust his administrative remedies and that, in the alternative, he had failed to produce sufficient evidence to demonstrate that there was a genuine issue of material fact.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

Defendants raised the affirmative defense of failure to exhaust. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all administrative remedies available within a prison's grievance

system prior to filing a § 1983 action concerning prison conditions. See 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Williams admits in his complaint that he failed to exhaust his administrative remedies through the prison grievance system.[1] He states that "in lieu of a [formal] grievance," he set forth his grievances in a letter to the Judge presiding over his RLUIPA case, and in letters of complaint filed with the Secretary of the DOC, the Deputy Superintendent of Security at SCI Waymart, and the Office of Special Investigations & Intelligence. He asserts that this effort "surpassed the criteria of a submitted complaint in the form of a grievance." As the District Court noted, this effort was clearly insufficient to satisfy the exhaustion requirement. Id. at 90 (holding that in order to fully exhaust, the inmate must comply with "all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).") (quotation marks omitted) (emphasis in original); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) (holding prisoner failed to exhaust claim when he sent grievance to the improper agency).

Williams also maintained in his complaint that he did not attempt to exhaust out of

---

[1] The Pennsylvania Department of Corrections (DOC) requires three stages of review to exhaust administrative remedies, including an initial written grievance submitted to the Facility Grievance Coordinator, an appeal to the Facility Manager, and a final written appeal to the Secretary's Office of Inmate Grievances and Appeals. See DC-ADM 804.

3

fear of retaliation by the corrections' officers.  See Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (holding that retaliation or threats of retaliation can render administrative remedies unavailable); accord Kaba v. Stepp, 458 F.3d 678, 684–86 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 686–87 (2d Cir. 2004).  The District Court erred in concluding that this argument was raised for the first time in his objections to the R&R and deeming the argument waived.[2]  Nevertheless, Williams failed to support this generalized fear of retaliation; moreover, his deposition testimony belies this claim as he repeatedly indicated that his decision not to file grievances was strategic, see Williams' Dep. Tr. at 70 & 110 ("[Y]ou choose what you grieve. . . . They become frivolous if you file them."; "Choose your battle."), and based on the prison administration's failure to respond to his letters.  See id. at 18-19, 109-110.

On appeal, Williams argues that the District Court abused its discretion in failing to grant his motion to consolidate the instant case with his RLUIPA case.[3]  We review for abuse of discretion the District Court's denial of the motion to consolidate.  See Star Ins.

---

[2]  In addition to stating in the complaint that he sought to present his grievances outside "the confines of S.C.I. Waymart" because he feared retaliation, Williams attached a letter to his memorandum of law in support which he had sent to Deputy Superintendent Rhonda Eliott, the first line of which reads: "I'm using this method of contacting you because of the possibility of continued retaliation against me by personnel here at Waymart Institution."  Contrary to Appellees' assertion, Williams also properly raised this aspect of the exhaustion issue on appeal. See Applt's Br. at 12-13.

[3]  We will not address Williams' arguments regarding the District Court's alleged errors in his RLUIPA case, as they are not properly part of this appeal.  See generally Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (appeals are limited to issues that were raised in the District Court).  Williams had the opportunity to raise claims regarding that case in a separate appeal.  See Williams v. Nish, 2015 WL 4774922 (3d Cir. Aug. 14,

Co. v. Risk Mktg. Grp., 561 F.3d 656, 660 (7th Cir. 2009). A district court has broad discretion to consolidate matters involving common questions of law or fact. Fed. R. Civ. P. 42(a)(2). With the exception of one defendant, the parties in the cases are different, as are the events giving rise to the cases. Moreover, at the time the request to consolidate was filed, defendants' renewed motion for summary judgment in the RLUIPA case was fully briefed and submitted for decision. The District Court stayed disposition of that motion pending resolution of the instant matter; therefore, consolidation was unnecessary. Accordingly, the District Court properly denied Williams' motion to consolidate.

Williams also maintains that the District Court abused its discretion in denying him the appointment of counsel; however, he did not file a counsel motion in the District Court. In his objections to the R&R, Williams requested that the District Court sua sponte appoint "[p]ro [b]ono [c]ounsel" because the complexity of the case and the discovery process hindered his ability to respond to the summary judgment motion. The District Court denied the objections, noting that "Williams has demonstrated his ability to utilize the discovery process in this case by filing four requests for production of documents, a motion to compel discovery, motions to depose and for sanctions." See generally Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).[4] We agree, and find no abuse of discretion. Id. at 158.

---

2015, No. 15-1143) (not-precedential).
[4] As Appellees note, Williams also failed to demonstrate that he was unable to afford

Even if Williams had properly exhausted his claims, he fails to raise any arguments on appeal to suggest that the grant of summary judgment was not otherwise warranted. The District Court properly determined that there was an absence of evidence to support Williams' claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To succeed on his retaliation claim, Williams had to demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer "adverse action," and that his constitutionally protected conduct was a motivating factor in the officials' decision to discipline him. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.2001)). However, defendants may still prevail by proving that they would have made the same decision even if Williams was not engaging in constitutionally protected conduct. Rauser, 241 F.3d at 334. With respect to his retaliatory claims, we agree with the District Court that the record makes clear that the cell searches conducted on September 23, 2011, and November 1, 2011, were routine searches. Indeed, Williams characterizes the searches as such in his complaint. We also agree that the search conducted on August 8, 2012, as the complaint acknowledges, was part of an institution-wide shakedown. Defendants presented undisputed evidence that the remaining searches were the result of Williams' cell property exceeding institutional rules. Because Defendants' evidence demonstrated that they would have made the same decision regardless of whether Williams' RLUIPA case was pending, summary judgment was proper.

---

counsel. See 28 U.S.C. § 1915(e).

Defendants were entitled to summary judgment with respect to Williams' claim that he was denied access to the courts. To succeed on this claim, he had to show actual injury, "such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). Although he asserted that his legal materials were confiscated, the only materials he identified were "NexisLexis printouts" and a witness list with questions to ask the witnesses in his RLUIPA case. He failed to adequately support his claim that the deprivation of these materials thwarted his ability to pursue his RLUIPA case. See id. at 178 (to establish actual injury in support of an access to the courts claim, "the inmate must 'demonstrate the alleged shortcomings . . . hindered his efforts to pursue a legal claim'") (citation omitted). We also agree, for the reasons stated in the R&R, that Williams' due process claim failed as a matter of law.

William maintains, however, that the defendants interfered with and "blocked" his ability to depose them in the instant case, and that the District Court "erred in denying his motions aimed at relieving the blockage."[5] In his order granting Williams' motion to orally depose the defendants, the Magistrate Judge directed the parties to coordinate the scheduling of depositions, noting that it was "imperative that [Williams] seek to coordinate with the defendants' counsel to schedule the depositions" and that "the defendant's counsel will work with the plaintiff to arrange a schedule that will allow the

---

[5] On May 2, 2014, Williams filed a "Motion for Enlargement of Time for Discovery, Under Protest[,] Motion for Order to Depose[,] Motion to Sanction for Discovery Abuse." Williams also filed a second motion for sanctions. In an order entered May 23, 2014, the Magistrate Judge extended the time for discovery until June 30, 2014.

7

depositions to be taken . . . " It appears from the record that Williams mistook Defendants' efforts to coordinate the schedule as interference with his responsibility for noticing the depositions.[6] As a result of this misperception, as well as his apparent misunderstanding that the District Court needed to further rule on his May 2, 2014 motion in order for the depositions to proceed, Williams refused to fully participate in the depositions on June 24, 2014, despite all relevant participants being present.[7]

In an order entered on August 21, 2014, the Magistrate Judge denied competing motions for sanctions and, noting the logistical and security issues involved in rescheduling a second round of depositions, determined that Williams could effectively seek discovery through timely written depositions pursuant to Fed. R. Civ. P. 31; Williams was given until September 22, 2014, to conduct his depositions by written questions. We agree with the Magistrate Judge that, under these circumstances, sanctions were not warranted. See Williams v. Morton, 343 F.3d 212, 222 (3d Cir. 2003) (a district court's ruling on a discovery dispute is reviewed for abuse of discretion); Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3d Cir. 2009) (the decision to impose sanctions for discovery violations is reviewed for abuse of discretion). However, Williams' reply to the motion for summary judgment was due by August 25, 2014, four

_____

[6] For example, Williams mistook Defendants' need to reschedule the initial date proposed for depositions as a "refusal" to be deposed, despite their expressed willingness to concur in a sixty-day enlargement of the discovery deadline, and advisement of their availability for depositions on subsequent dates.

[7] We note that Williams had proposed this date for taking depositions in his reply brief filed on June 4, 2014, and Defendants scheduled the date in response.

days after the Magistrate Judge's order. Furthermore, two days prior to this order, the

Magistrate Judge had denied Williams' "motion to stay" the litigation pending decision

on the discovery and sanctions' motions. Given his pro se status, and the fact that the

Magistrate Judge's orders did not advise Williams that he could file objections thereto,

Williams likely felt compelled to file his summary judgment response without benefit of

further discovery.[8] Although it may have been prudent under these circumstances to

defer consideration of the summary judgment motion, we find no abuse of discretion.

See Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989) ("Whether a district court

prematurely grants summary judgment is reviewed for abuse of discretion.").

To obtain more time for discovery, Federal Rule of Civil Procedure 56(d)

generally requires a party to "show[] by affidavit or declaration that, for specified

reasons, it cannot present facts essential to justify its opposition" to a motion for

summary judgment. See also Radich, 886 F.2d at 1394 ("The purpose of the affidavit is

to ensure that the nonmoving party is invoking the protection of Rule 56(f) in good faith

and to afford the trial court the showing necessary to assess the merit of a party's

opposition.")[9] (quotation marks and citation omitted). Williams arguably made this

showing as it was implicit in the Magistrate Judge's ruling that Williams could proceed

---

[8]  For this reason, we reject any argument that Williams has waived his right to appeal the Magistrate Judge's discovery and sanction orders. See generally Leyva v. Williams, 504 F.3d 357, 364-65 (3d Cir. 2007) (applying de novo review of issues where the litigant was not warned that failure to object would result in a waiver of appellate rights).

[9]  Rule 56(f) was the predecessor to Rule 56(d).

with written depositions.  See generally St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (noting that, although this Court has "emphasized the desirability of full compliance" with Rule 56(d), failure to do so is "not automatically fatal to its consideration"); but see Bradley v. United States, 299 F.3d 197, 207 (3d Cir. 2002) ("in all but the most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal").  However, even excusing Williams' failure to comply with the technical requirements of Rule 56(d), Williams wholly failed to specify, either in the District Court or on appeal, what evidence he hoped to obtain through further discovery that would create a genuine issue of material fact with respect to any of his claims.  See Dowling v. City of Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988) ("a party seeking further discovery in response to a summary judgment motion" must indicate what "particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."); Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1050 (8th Cir. 2012) (no abuse of discretion in denying Rule 56(d) continuance when party fails to show what specific facts might be revealed by further discovery).  Williams argues only generally that he was denied "valuable discovery" and that he was "hindered [in] his ability to gather known evidence;" this is insufficient to support a finding that the grant of summary judgment was premature.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment to all defendants.  Appellees' motion to strike Appellant's

10

supplemental appendix is granted.  Appellant's motion to file a supplemental appendix

and "motion for remission of the record and to remand to the lower court" are denied.[10]

---

[10]  Williams concedes in his motion to supplement the appendix that the "ledger entries" were not previously submitted to the District Court.  Appeals are limited to the facts that were developed in the District Court.  Clark v. K-Mart Corp., 979 F.2d 965, 967 (3d Cir. 1992).